UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ANJOLI JAGODA,                                      Case No.: 20-cv-08681

                Plaintiff,                       **ANSWER**

    -against-

THE BOARD OF MANAGERS OF THE REGATTA
CONDOMINIUM, RMR RESIDENTIAL REALTY, LLC,
AMET "ALEX" VUCTETOVIC, ANDREW J. MAGGIO
and NELSON CALDERON,

              Defendants.
------------------------------------------------------------------------X

      Defendants, THE BOARD OF MANAGERS OF THE REGATTA CONDOMINIUM,

RMR RESIDENTIAL REALTY, LLC, AMET "ALEX" VUCTETOVIC, ANDREW J. MAGGIO

and NELSON CALDERON, by their attorneys, MILBER MAKRIS PLOUSADIS & SEIDEN,

LLP, as and for the Answer to plaintiffs' Complaint, alleges, upon information and belief, as

follows:

**AS AND FOR AN ANSWER TO "INTRODUCTION"**

    1.      Deny each and every allegation set forth in Paragraphs "1" of the Complaint.

**AS AND FOR AN ANSWER TO "PARTIES"**

    2.      Paragraph "2" sets forth legal conclusions and questions of law to which no

response is required.  To the extent a response is required deny knowledge or information sufficient

to form a belief as to the truth of the allegation set forth in the Complaint and deny each and every

allegation as to defendants.

    3.      Paragraph "3" sets forth legal conclusions and questions of law to which no

response is required.  To the extent a response is required deny knowledge or information sufficient

to form a belief as to the truth of the allegation set forth in the Complaint and respectfully refer all questions of law to this Honorable Court.

4.      Deny each and every allegation set forth in Paragraph "4" of the Complaint and respectfully refer all questions of law to this Honorable Court.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraphs "5", "6" and "7" of the Complaint and respectfully refers all questions of law to this Honorable Court.

6.      Deny each and every allegation set forth in Paragraph "8" of the Complaint as to defendants except admit that the Regatta Condominium is a condominium association that was formed in 1998 and is located at 123 Mamaroneck Avenue in Mamaroneck.

7.      Deny each and every allegation set forth in Paragraph "9" of the Complaint as to defendants except admit that the Regatta is located in Mamaroneck.

8.      Deny each and every allegation set forth in Paragraph "10" of the Complaint as to defendants except admit that Jagoda purchased an apartment in the Regatta.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

10.      Deny each and every allegation set forth in Paragraphs "12", "13", "14", "15", "16", "17", "18", "19", "20", "21" and "22" of the Complaint.

11.      Deny each and every allegation set forth in Paragraph "23" of the Complaint except admit that Vucetovic took actions to respond to the harassment of plaintiff as against him.

12.      Deny each and every allegation set forth in Paragraphs "24" and "25" of the Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "26" of the Complaint.

14.     Deny each and every allegation set forth in Paragraph "27" of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "28" of the Complaint and respectfully refers all questions of law to this Honorable Court.

16.     Deny each and every allegation set forth in Paragraph "29" of the Complaint and respectfully refer all questions of law to this Honorable Court.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "30" of the Complaint except deny each and every allegation as to defendants.

## JURISDICTION AND VENUE

18.     Paragraphs "31" and "32" sets forth legal conclusions and questions of law to which no response is required.  To the extent a response is required deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the Complaint and respectfully refer all questions of law to this Honorable Court.

## AS AND FOR AN ANSWER TO "PARTIES"

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "33" of the Complaint.

20.     Deny each and every allegation set forth in Paragraph "34" of the Complaint except admit that Board of Managers of the Regatta Condominium consists of nine elected members.

21.     Deny each and every allegation set forth in Paragraph "35" of the Complaint except admit that RMR is the managing agent for Regatta.

22.     Deny each and every allegation set forth in Paragraph "36" of the Complaint except admit that Vucetovic resides in Mamaroneck and is an employee of Regatta.

23.     Deny each and every allegation set forth in Paragraph "37" of the Complaint except admit that Maggio resides in Mamaroneck and was previously the Board President.

24.     Deny each and every allegation set forth in Paragraph "38" of the Complaint except admit that Calderon lives in Mamaroneck and was employed by Regatta.

**AS AND FOR AN ANSWER TO "CONFIDENTIAL WITNESSES"**

25.     Deny each and every allegation set forth in Paragraph "39" of the Complaint and respectfully refers all questions of law to this Honorable Court.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraphs "40", "41", "42" and "43" of the Complaint except deny each and every allegation as to defendants.

**AS AND FOR AN ANSWER TO "FACTUAL ALLEGATIONS"**

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraphs "44", "45" and "46" of the Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "47" of the Complaint, but admit that Ms. Jagoda purchased an apartment in the Regatta.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "48" of the Complaint except deny each and every allegation as to defendants, but admit Vucetovic is acquainted with Barajas and greeted him.

30.     Deny each and every allegation set forth in Paragraph "49" of the Complaint except admit Vucetovic discussed potential renovations with plaintiff.

31.     Deny each and every allegation set forth in Paragraphs "50" and "51" of the Complaint and respectfully refers all questions of law to this Honorable Court.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "52" of the Complaint.

33.     Deny each and every allegation set forth in Paragraphs "53" and "54" of the Complaint and respectfully refers all questions of law to this Honorable Court.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "55" of the Complaint except certain regulations are established for conducting work at the building.

35.     Deny each and every allegation set forth in Paragraph "56" of the Complaint and respectfully refers all questions of law to this Honorable Court.

36.     Deny each and every allegation set forth in Paragraph "57" of the Complaint except admit that plaintiff informed Vucetovic she would be away from her unit while the work was performed.

37.     Deny each and every allegation set forth in Paragraph "58" of the Complaint except that Vucetovic stored plaintiff's mirror in the basement while work was bring performed in the apartment.

38.     Deny each and every allegation set forth in Paragraphs "59", "60", "61" and "62" of the Complaint.

39.     Deny each and every allegation set forth in Paragraphs "63" and "64" of the Complaint except admit that Vucetovic discussed renovations with plaintiff on the telephone.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "65" of the Complaint except denies each and every allegation as to defendants.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "66" of the Complaint.

42.     Deny each and every allegation set forth in Paragraph "67" of the Complaint except admit Vucetovic discussed the renovations with plaintiff.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "68" of the Complaint except deny each and every allegation that Vucetovic was acting inappropriately.

44.     Deny each and every allegation set forth in Paragraph "69" of the Complaint except admit Vucetovic was asked by plaintiff to repair a toilet, and Vucetovic conducted the repair.

45.     Deny each and every allegation set forth in Paragraph "70" of the Complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraphs "71" and "72" of the Complaint except deny each and every allegation as to defendants.

47.     Deny each and every allegation set forth in Paragraph "73" of the Complaint and respectfully refer all questions of law to this Honorable Court.

48.     Deny each and every allegation set forth in Paragraph "74" of the Complaint.

49.     Deny each and every allegation set forth in Paragraphs "75", "76", "77", "78" and "79" of the Complaint except admit Maggio spoke with plaintiff on the phone several times.

50.     Deny each and every allegation set forth in Paragraph "80" of the Complaint except admit that Maggio gave plaintiff permission to change her locks.

51.     Deny each and every allegation set forth in Paragraph "81" of the Complaint except admit Maggio offered plaintiff permission to discuss any potential issues at the building with him.

52.     Deny each and every allegation set forth in Paragraph "82" of the Complaint except admit Maggio spoke with plaintiff on the phone several times.

53.     Deny each and every allegation set forth in Paragraph "83" of the Complaint.

54.     Deny each and every allegation set forth in Paragraph "84" of the Complaint except admit plaintiff refused to pay for work performed at her request.

55.     Deny each and every allegation set forth in Paragraph "85" of the Complaint.

56.     Deny each and every allegation set forth in Paragraph "86" of the Complaint except admit that plaintiff received communications and notices from RMR and/or Wesley Woodlief.

57.     Deny each and every allegation set forth in Paragraph "87" of the Complaint except admit plaintiff communicated with RMR and/or Wesley Woodlief and defendants refer to that correspondence for a true and accurate reading thereof.

58.     Deny each and every allegation set forth in Paragraph "88 of the Complaint except admit plaintiff appeared at Maggio's office.

59.     Deny each and every allegation set forth in Paragraph "89" of the Complaint except admit that Maggio discussed potential issues at the building with plaintiff.

60.     Deny each and every allegation set forth in Paragraphs "90" and "91" of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "92" of the Complaint except deny each and every allegation as to defendants.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "93" of the Complaint, except deny each and every allegation as to defendants.

63.     Deny each and every allegation set forth in Paragraphs "94" and "95" of the Complaint except admit Maggio had several conversations with plaintiff.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraphs "96" of the Complaint except deny each and every allegation as to defendants.

65.     Deny each and every allegation set forth in Paragraph "97" of the Complaint except admit Maggio had several conversations with plaintiff.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraphs "98", "99" and "100" of the Complaint.

67.     Deny each and every allegation set forth in Paragraph "101" of the Complaint except admit that Vucetovic had conversations with Maggio on various occasions.

68.     Deny each and every allegation set forth in Paragraph "102" of the Complaint except admit Maggio had several conversations with plaintiff.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "103" of the Complaint except deny each and every allegation as to defendants.

70.     Deny each and every allegation set forth in Paragraph "104" of the Complaint except admit that Vucetovic rode the elevator with plaintiff and plaintiff's guest.

71.     Deny each and every allegation set forth in Paragraph "105" of the Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "106" of the Complaint except deny each and every allegation as to defendants.

73.     Deny each and every allegation set forth in Paragraphs "107", "108" and "109" of the Complaint except admit Maggio had several conversations with plaintiff.

74.     Deny each and every allegation set forth in Paragraph "110" of the Complaint except admit that plaintiff attended a meeting at the building and was involved in discussions with people at the meeting.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "111" of the Complaint except deny each and every allegation as to defendants.

76.     Deny each and every allegation set forth in Paragraphs "112", "113", "114" and "115" of the Complaint except admit that plaintiff attended a meeting at the building and was involved in discussions with people at the meeting.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "116" of the Complaint except deny each and every allegation as to defendants.

78.     Deny each and every allegation set forth in Paragraphs "117", "118" and "119" of the Complaint except admit Maggio had several conversations with plaintiff.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraphs "120" and "121" of the Complaint except deny each and every allegation as to defendants.

80.     Deny each and every allegation set forth in Paragraphs "122" and "123" of the Complaint except admit Maggio had several conversations with plaintiff.

81.     Deny each and every allegation set forth in Paragraph "124" of the Complaint except admit that Amicucci was elected to the Board and appointed Vice President.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "125" of the Complaint except deny each and every allegation as to defendants.

83.     Deny each and every allegation set forth in Paragraph "126" of the Complaint except certain discussions were held regarding Board member qualifications.

84.     Deny each and every allegation set forth in Paragraph "127" of the Complaint except admit discussion was held regarding ownership of apartments.

85.     Deny each and every allegation set forth in Paragraphs "128", "129" and "130" of the Complaint.

86.     Deny each and every allegation set forth in Paragraph "131" of the Complaint except admit that Calderon discussed the work performed on the building's walkway with plaintiff.

87.     Deny each and every allegation set forth in Paragraphs "132", "133", "134" and "135" of the Complaint except admit Maggio had several conversations with plaintiff.

88.     Deny each and every allegation set forth in Paragraph "136" of the Complaint.

89.     Deny each and every allegation set forth in Paragraph "137" of the Complaint except admit that plaintiff forwarded correspondence to defendants and refer to that correspondence for a true and accurate reading thereof.

90.     Deny each and every allegation set forth in Paragraphs "138", "139", "140" and "141" of the Complaint except admit Maggio had several conversations with plaintiff.

91.    Deny each and every allegation set forth in Paragraph "142" of the Complaint except admit that someone posted a newspaper article at the building.

92.    Deny each and every allegation set forth in Paragraphs "143", "144", "145" and "146" of the Complaint except admit Maggio had several conversations with plaintiff

93.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "147" of the Complaint.

94.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "148" of the Complaint except deny each and every allegation as to defendants.

95.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "149" of the Complaint, deny each and every allegation as to defendants, and admit that plaintiff reported the defacement to defendants and defendants promptly removed the defacement.

96.    Deny each and every allegation set forth in Paragraph "150" of the Complaint except admit that defendants conducted a full investigation of the defacement.

97.    Deny each and every allegation set forth in Paragraph "151" of the Complaint except admit Maggio had several conversations with plaintiff.

98.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraphs "152", "153" and "154" of the Complaint.

99.    Deny each and every allegation set forth in Paragraph "155" of the Complaint except admit Maggio had several conversations with plaintiff.

100.    Deny each and every allegation set forth in Paragraph "156" of the Complaint except admit that the defendants requested and agreed to hear plaintiff's complaints.

101.    Deny each and every allegation set forth in Paragraph "157" of the Complaint except admit that defendants promptly established a committee to hear and investigate plaintiff's complaints.

102.    Deny each and every allegation set forth in Paragraphs "158" and "159" of the Complaint.

103.    Deny each and every allegation set forth in Paragraph "160" of the Complaint except admit that plaintiff contacted several defendants to request to appear at a Board meeting and defendants refer to those written correspondence for a true and accurate reading thereof.

104.    Deny each and every allegation set forth in Paragraph "161" of the Complaint except admit defendants responded to plaintiff and permitted her appearance at the Board meeting.

105.    Deny each and every allegation set forth in Paragraph "162" of the Complaint except admit plaintiff appeared at the Board meeting.

106.    Deny each and every allegation set forth in Paragraph "163" of the Complaint except admit that the Board, counsel for the association and plaintiff's mother appeared at the Board meeting.

107.    Deny each and every allegation set forth in Paragraphs "164", "165" and "166" of the Complaint except admit that discussions were held with plaintiff at the Board meeting.

108.    Deny each and every allegation set forth in Paragraph "167" of the Complaint except admit that the Board notified plaintiff that the defacement had promptly been removed.

109.    Deny each and every allegation set forth in Paragraphs "168", "169", "170" and "171" of the Complaint except admit that discussions were held with plaintiff at the Board meeting.

110.    Deny each and every allegation set forth in Paragraphs "172" and "173" of the Complaint except admit Maggio had several conversations with plaintiff.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "174" of the Complaint except deny each and every allegation as to defendants.

112.    Deny each and every allegation set forth in Paragraph "175" of the Complaint except admit plaintiff forwarded  correspondence to several Board members and refer to those written correspondence for a true and accurate reading thereof.

113.    Deny each and every allegation set forth in Paragraph "176" of the Complaint except admit Jansen had conversations with the plaintiff, and refer to those written correspondence for a true and accurate reading thereof.

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "177" of the Complaint except admit that a Regatta resident had COVID.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraphs "178" and "179" of the Complaint except deny each and every allegation as to defendants.

116.    Deny each and every allegation set forth in Paragraph "180" of the Complaint.

117.    Deny each and every allegation set forth in Paragraphs "181" and "182" of the Complaint except admit Maggio had several conversations with plaintiff.

118.    Deny each and every allegation set forth in Paragraph "183" of the Complaint except admit that the defendants constantly and consistently abide by and enforce the governing documents and rules and regulations contained therein.

119.    Deny each and every allegation set forth in Paragraph "184" of the Complaint except admit plaintiff forwarded  correspondence to several Board members and refer to that correspondence for a true and accurate reading thereof.

120.    Deny each and every allegation set forth in Paragraph "185" of the Complaint except admit correspondence was issued and refer to that correspondence for a true and accurate reading thereof.

121.    Deny each and every allegation set forth in Paragraph "186" of the Complaint except admit plaintiff forwarded a correspondence and refer to that correspondence for a true and accurate reading thereof.

122.    Deny each and every allegation set forth in Paragraph "187" of the Complaint except admit correspondence was issued and refer to that correspondence for a true and accurate reading thereof.

123.    Deny each and every allegation set forth in Paragraphs "188", "189", "190", "191", "192", "193" and "194" of the Complaint except admit Maggio had several conversations with plaintiff.

124.    Deny each and every allegation set forth in Paragraphs "195" and "196" of the Complaint except admit plaintiff continuously harassed Vucetovic and Vucetovic responded to plaintiff's harassment.

125.    Deny each and every allegation set forth in Paragraph "197" of the Complaint except admit plaintiff forwarded  correspondence and refer to that correspondence for a true and accurate reading thereof.

126.    Deny each and every allegation set forth in Paragraph "198" of the Complaint except admit  correspondence was forwarded and refer to that correspondence for a true and accurate reading thereof.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "199" of the Complaint.

128.    Deny each and every allegation set forth in Paragraph "200" of the Complaint except admit plaintiff continuously harassed Vucetovic and Vucetovic responded to plaintiff's harassment.

129.    Deny each and every allegation set forth in Paragraph "201" of the Complaint except admit plaintiff forwarded correspondence and refer to that correspondence for a true and accurate reading thereof.

130.    Deny each and every allegation set forth in Paragraphs "202" and "203" of the Complaint except admit plaintiff had several conservations with McGraw.

131.    Deny each and every allegation set forth in Paragraph "204" of the Complaint except admit correspondence was issued and refer to that correspondence for a true and accurate reading thereof.

132.    Deny each and every allegation set forth in Paragraph "205" of the Complaint except admit plaintiff forwarded correspondence and refer to that correspondence for a true and accurate reading thereof.

133.    Deny each and every allegation set forth in Paragraph "206" of the Complaint except admit correspondence was issued and refer to that correspondence for a true and accurate reading thereof.

134.     Deny each and every allegation set forth in Paragraph "207" of the Complaint except admit that a sexual harassment policy is in place and refer to that policy for a true and accurate reading thereof.

135.     Deny each and every allegation set forth in Paragraph "208" of the Complaint and respectfully refer all questions of law to this Honorable Court.

136.     Deny each and every allegation set forth in Paragraph "209" of the Complaint except admit that defendants appropriately act and enforce all rules and regulations of the association.

137.     Deny each and every allegation set forth in Paragraph "210" of the Complaint except admit correspondence was issued and refer to that correspondence for a true and accurate reading thereof.

138.     Deny each and every allegation set forth in Paragraph "211" of the Complaint except admit that defendants appropriately act and enforce all rules and regulations of the association.

139.     Deny each and every allegation set forth in Paragraph "212" of the Complaint except admit plaintiff forwarded correspondence and refer to that correspondence for a true and accurate reading thereof.

140.     Deny each and every allegation set forth in Paragraph "213" of the Complaint.

141.     Deny each and every allegation set forth in Paragraph "214" of the Complaint except admit that the defendants have taken the appropriate action every step of the way in this matter.

142.     Deny each and every allegation set forth in Paragraphs "215" and "216" of the Complaint.

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**
**(Violation of Title VIII of Civil Rights Act of 1968 – Fair Housing Act)**
**(42 U.S.C. §3604)**
**(Against All Defendants)**

143.    Defendants repeat and reallege each and every denial contained in the foregoing Answer with reference to paragraphs of the Complaint marked "1" through "216", inclusive, as repeated and reiterated in Paragraph "217" designated of the Complaint.

144.    Paragraphs "218" and "219" of the Complaint set forth legal conclusions and questions of law to which no response is required.

145.    Deny each and every allegation set forth in Paragraphs "220", "221", "222" and "223" of the Complaint.

**AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION**
**(Violation of Title VIII of Civil Rights Act of 1968 – Fair Housing Act)**
**(42 U.S.C. §3617)**
**(Against All Defendants)**

146.    Defendants repeat and reallege each and every denial contained in the foregoing Answer with reference to paragraphs of the Complaint marked "1" through "223", inclusive, as repeated and reiterated in Paragraph "224" designated of the Complaint.

147.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "225" of the Complaint and respectfully refer all questions of law to this Honorable Court.

148.    Deny each and every allegation set forth in Paragraph "226" of the Complaint.

149.    Paragraph "227" of the Complaint sets forth legal conclusions and questions of law to which no response is required.

150.    Deny each and every allegation set forth in Paragraphs "228" and "229" of the Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION
**(Violation of N.Y.S. Human Rights Law – N.Y. Exec. Law §296(5)-(6))**
**(Against All Defendants)**

151.   Defendants repeat and reallege each and every denial contained in the foregoing Answer with reference to paragraphs of the Complaint marked "1" through "229", inclusive, as repeated and reiterated in Paragraph "230" designated of the Complaint.

152.   Paragraphs "231" and "232" of the Complaint set forth legal conclusions and questions of law to which no response is required.

153.   Deny each and every allegation set forth in Paragraphs "233", "234", "235" and "236" of the Complaint.

154.   Paragraph "237" of the Complaint sets forth legal conclusions and questions of law to which no response is required.

155.   Deny each and every allegation set forth in Paragraph "238" of the Complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION
**(Violation of N.Y.S. Human Rights Law – N.Y. Exec. Law §296(7))**
**(Against All Defendants)**

156.   Defendants repeat and reallege each and every denial contained in the foregoing Answer with reference to paragraphs of the Complaint marked "1" through "238", inclusive, as repeated and reiterated in Paragraph "239" designated of the Complaint.

157.   Paragraph "240" of the Complaint sets forth legal conclusions and questions of law to which no response is required.

158.   Deny each and every allegation set forth in Paragraphs "241" and "242" of the Complaint.

**AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION**
**(Breach of Fiduciary Duty)**
**(Against the Board, Board President Maggio, and RMR)**

159.    Defendants repeat and reallege each and every denial contained in the foregoing Answer with reference to paragraphs of the Complaint marked "1" through "242", inclusive, as repeated and reiterated in Paragraph "243" designated of the Complaint.

160.    Paragraph "244" of the Complaint sets forth legal conclusions and questions of law to which no response is required.

161.    Deny each and every allegation set forth in Paragraphs "245", "246" and "247" of the Complaint.

**AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION**
**(Negligent Supervision and Retention Under New York Law)**
**(Against the Board, Board President Maggio, and RMR)**

162.    Defendants repeat and reallege each and every denial contained in the foregoing Answer with reference to paragraphs of the Complaint marked "1" through "247, inclusive, as repeated and reiterated in Paragraph "248" designated of the Complaint.

163.    Deny each and every allegation set forth in Paragraphs "249", "250", "251" and "252" of the Complaint.

**AS AND FOR AN ANSWER TO THE SEVENTH AFFIRMATIVE DEFENSE**
**(Intentional Infliction of Emotional Destress)**
**(Against Vucetovic)**

164.    Defendants repeat and reallege each and every denial contained in the foregoing Answer with reference to paragraphs of the Complaint marked "1" through "252", inclusive, as repeated and reiterated in Paragraph "253" designated of the Complaint.

165.    Deny each and every allegation set forth in Paragraphs "254" and "255" of the Complaint.

## PRAYER FOR RELIEF

166.    Defendants deny that Plaintiff is entitled to any relief as contained in the Prayer for Relief section of the Complaint and subsections (a) through (h) thereto, and further demand judgment in their favor against Plaintiff dismissing the Complaint, with prejudice, and such other further relief as this Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

159.    The claims alleged in the Complaint fail to state any grounds upon which relief can or should be granted by this Court against defendants.

## SECOND AFFIRMATIVE DEFENSE

160.    The Complaint is barred because Plaintiff lacks standing.

## THIRD AFFIRMATIVE DEFENSE

161.    At all times relevant hereto, defendants acted in good faith, without malice, and did not act in a wrongful manner.

## FOURTH AFFIRMATIVE DEFENSE

162.    The Complaint is barred because Answering Defendants do not deny Plaintiff full and equal opportunity to utilize the property on the basis of an alleged disability.

## FIFTH AFFIRMATIVE DEFENSE

163.    The Complaint was not initiated in good faith and is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

164.    Any amount of damages otherwise recoverable by Plaintiff shall be diminished in total, or in proportion to which such culpable conduct of Plaintiff bears to total conduct causing the damages alleged in the Complaint

## SEVENTH AFFIRMATIVE DEFENSE

165.    The relief sought by Plaintiff is barred by the doctrines of waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

166.    Plaintiff is not entitled to injunctive relief because she has failed to show an injury-in-fact or a threat of real and immediate harm.

## NINTH AFFIRMATIVE DEFENSE

167.    The Complaint must be dismissed for failure to provide proper notice of the conditions alleged in the Complaint and an opportunity to cure.

## TENTH AFFIRMATIVE DEFENSE

168.    The Complaint must be dismissed because Plaintiff does not have a good faith intent to return to the subject property and patronize its facilities.

## ELEVENTH AFFIRMATIVE DEFENSE

169.    Plaintiff has not been denied the full and safe access to all of the benefits, accommodations and services of the subject facility.

## TWELFTH AFFIRMATIVE DEFENSE

170.    The injuries and damages allegedly suffered by the Plaintiff, if any, were the result of culpable conduct or fault of third persons for whose conduct the Answering Defendants are not legally responsible, and the damages recovered by the Plaintiff, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

171.    It is averred that at all times concerned with this litigation, the Answering Defendants acted in a manner that was proper, reasonable, lawful and in the exercise of good faith.

## FOURTEENTH AFFIRMATIVE DEFENSE

172.    Answering Defendants do not own or control the subject facility, in whole or in part, and is thus not a proper party to this action and/or other parties are necessary to this action and responsible for the claims alleged therein.

## FIFTEENTH AFFIRMATIVE DEFENSE

173.    The physical items identified by Plaintiff are not architectural barriers to access, and do not prevent enjoyment of the goods and services of the subject facility.

## SIXTEENTH AFFIRMATIVE DEFENSE

174.    Answering Defendants do not discriminate against the Plaintiff because providing the reasonable accommodations that Plaintiff requested would have caused Answering Defendants to suffer an undue hardship.

## SEVENTEENTH AFFIRMATIVE DEFENSE

175.    Upon information and belief, some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or other statutory or other provisions of law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

176.    Upon information and belief, Plaintiff has failed to mitigate any alleged damages, any entitlement to which is expressly denied.

## NINETEENTH AFFIRMATIVE DEFENSE

177.    Upon information and belief, if, *arguendo*, the ADA Accessibility Guidelines were deemed to be relevant in this case, any deviations from those guidelines are *de minimis* and within construction tolerances.

## TWENTIETH AFFIRMATIVE DEFENSE

178.    Plaintiff has failed to allege any actual or ascertainable damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

179.    Plaintiff has failed to allege any collectible damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

180.    Plaintiff's claims are barred, in whole or in part, to the extent they are not a qualified individual with a disability entitled to the relief within the meaning of the statutes upon which they base their claims.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

181.    Plaintiff's alleged injuries and/or damages, if any, were not caused by any act or omission of Answering Defendants.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

182.    Answering Defendants hereby give notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery process and reserves the right to amend its Answer to assert such defenses.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

183.    Plaintiff's claims are barred or should be reduced, in whole or in part, by the exclusions, exceptions, exemptions, credits or offsets permissible under the FHA, 42 U.S.C. §3604, 42 U.S.C. §3617, NYS Human Rights Law, ADA, New York Executive Law, New York State Civil Rights Law and Common Law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

184.    Plaintiff is not entitled to recover attorneys' fees in this case under the FHA, 42 U.S.C. §3604, 42 U.S.C. §3617, NYS Human Rights Law, ADA, New York Executive Law, New York State Civil Rights Law and Common Law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

188.    To the extent Plaintiff seeks injunctive relief, Plaintiff fails to show a violation of a right presently occurring, or threatened and imminent, that she has no adequate remedy at law, that serious and irreparable injury will result if the injunction is not granted, and/or that the equities are balanced in Plaintiff's favor.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

189.    To the extent Plaintiff seeks declaratory judgment, Plaintiff fails to show a justifiable controversy.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

190.    If the Plaintiff has sustained any damages as alleged, which damages are expressly denied, then all such damages will have been caused or brought about in whole or in part by the affirmative wrongdoing, fault, negligence and failure of due care (hereinafter "culpable conduct") of the Plaintiff, and any recovery should be thereby diminished in the proportion which Plaintiff's culpable conduct bears to the conduct which caused the alleged damages pursuant to CPLR 1411.

## THIRTIETH AFFIRMATIVE DEFENSE

191    Defendants actions/inactions are protected and not able to be reviewed by the courts under the Business Judgment Rule.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

192.    Plaintiff's claims are barred by virtue of the doctrines of laches, equitable estoppels, waiver, unclean hands and/or avoidable consequences.

**WHEREFORE**, THE BOARD OF MANAGERS OF THE REGATTA CONDOMINIUM, RMR RESIDENTIAL REALTY, LLC, AMET "ALEX" VUCTETOVIC, ANDREW J. MAGGIO and NELSON CALDERON, demands judgment:

(A)     Dismissing the Complaint with prejudice in its entirety;

(B)     Awarding THE BOARD OF MANAGERS OF THE REGATTA CONDOMINIUM, RMR RESIDENTIAL REALTY, LLC, AMET "ALEX" VUCTETOVIC, ANDREW J. MAGGIO and NELSON CALDERON, its costs and disbursements in this action; and

(C)     Awarding THE BOARD OF MANAGERS OF THE REGATTA CONDOMINIUM, RMR RESIDENTIAL REALTY, LLC, AMET "ALEX" VUCTETOVIC, ANDREW J. MAGGIO and NELSON CALDERON, such other and further relief as this Court may deem just and proper.

Dated: Woodbury, New York
       January 29, 2021

                                    MILBER MAKRIS PLOUSADIS
                                       & SEIDEN, LLP

                                    Patrick F. Palladino (PP 6663)
                                    Attorneys for Defendant
                                    THE BOARD OF MANAGERS OF THE
                                    REGATTA CONDOMINIUM, RMR
                                    RESIDENTIAL REALTY, LLC,
                                    AMET "ALEX" VUCTETOVIC, and
                                    ANDREW J. MAGGIO and NELSON
                                    CALDERON
                                    1000 Woodbury Road, Suite 402
                                    Woodbury, New York 11797
                                    (516) 712-4000
                                    File No.:  420-19602

TO:    Brian S. Cohen, Esq.
        Lia E. Fierro, Esq.
        LACHTMAN COHEN P.C.
        Attorneys for Plaintiff
        245 Main Street, Suite 230
        White Plains, NY 10601
        P.: 914-893-4720
        bcohen@lcpclaw.com
        lfierro@lcpclaw.com

<u>**CERTIFICATE OF SERVICE**</u>

PATRICK F. PALLADINO, the attorney of record for Defendants, THE BOARD OF

MANAGERS OF THE REGATTA CONDOMINIUM, RMR RESIDENTIAL REALTY, LLC,

AMET "ALEX" VUCTETOVIC, ANDREW J. MAGGIO and NELSON CALDERON, hereby

certifies that on the date shown below, one copy of the foregoing **ANSWER** was caused to be

served by ECF upon:

        Brian S. Cohen, Esq.
        Lia E. Fierro, Esq.
        LACHTMAN COHEN P.C.
        Attorneys for Plaintiff
        245 Main Street, Suite 230
        White Plains, NY 10601
        P.: 914-893-4720
        bcohen@lcpclaw.com
        lfierro@lcpclaw.com

Dated: Woodbury, New York
       January 29, 2021

                                  PATRICK F. PALLADINO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ANJOLI JAGODA,                                          Case No.: 20-cv-08681

                    Plaintiff,

        -against-

THE BOARD OF MANAGERS OF THE REGATTA
CONDOMINIUM, RMR RESIDENTIAL REALTY, LLC,
AMET "ALEX" VUCTETOVIC, ANDREW J. MAGGIO
and NELSON CALDERON,

                    Defendants.

------------------------------------------------------------------------X

# ANSWER

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
ATTORNEYS AT LAW
**Attorneys for Defendants**
*Office and Post Office Address, Telephone*
1000 Woodbury Road, Suite 402
Woodbury, NY 11797
(516) 712-4000
MMPS File No.: 420-19602

| To | Signature (Rule 130-1.1-a) |
| --- | --- |
| | ..................................................................... |
| | Print name beneath |
| Attorney(s) for | |

| Service of a copy of the within | is hereby admitted. |
| --- | --- |
| Dated, | ..................................................................... |
| | Attorney(s) for |

Please take notice

☐ <u>NOTICE OF ENTRY</u>
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

☐ <u>NOTICE OF SETTLEMENT</u>
that an order                          of which the within is a true copy will be presented for settlement to the
HON.                                    one of the judges of the within named court, at
on                          at                          M

Dated,